IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| XAVIER FLORES, | ) | CIVIL 16-00561 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TURTLE BAY RESORT, MIKE LAIE | ) | |
| - SECURITY, ALEX - GOLF | ) | |
| MANAGER, ASHLEY - CLUB HOUSE | ) | |
| REP, TRAVIS JOERGER - | ) | |
| DIRECTOR, STACY - CLUBHOUSE | ) | |
| MANAGER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT; RESERVING RULING ON
THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT
PREPAYING FEES OR COSTS; AND DENYING ALL OTHER PENDING MOTIONS**

On October 17, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed, *inter alia*, his Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Complaint and the relevant legal authority, the Court HEREBY DISMISSES the Complaint WITHOUT PREJUDICE – in other words, Plaintiff has LEAVE TO FILE an amended complaint. The Court will RESERVE RULING on the Application until Plaintiff files an amended complaint. All of Plaintiff's other pending motions are HEREBY DENIED AS MOOT.

**BACKGROUND**

The Complaint concerns events that took place at the Turtle Bay Resort in Kahuku, Hawai`i ("Turtle Bay") on September 22, 2016.  Plaintiff states that he went to Turtle Bay "to use the golf range, [make] use of the showers, and make a few local phone calls." [Complaint at pg. 3.]  Plaintiff states that a Turtle Bay staff member approached him with some concerns about Plaintiff's interactions with a female Turtle Bay staff member. Plaintiff admits that he was attracted to the female staff member and that he was trying to get to know her.  According to Plaintiff, there was also concern among the Turtle Bay staff about him going through a drawer "behind the counter," which Plaintiff says was because he was charging his phone.  [Id. at pg. 4.]  Shortly thereafter, Plaintiff went into the locker room where he "began to shave [his] head," at which time a security guard asked to speak with him.  [Id. at 5.]  Plaintiff states that he was given permission to finish shaving and to take a shower.  Upon exiting the locker room, the security guard informed Plaintiff that he needed to leave the property. Plaintiff states that he requested that the security guard contact the police.  While waiting for the Honolulu Police Department ("HPD") to arrive, the security guard took a picture of Plaintiff.  [Id. at 6-7.]

2

When HPD arrived, Plaintiff was issued a "trespass notice." [Id. at pg. 7.] Plaintiff asserts that he informed HPD and Turtle Bay staff that "the bus run[s] thru [sic] the property and that I would be left with no choice but to enter the property."[1] [Id.] Plaintiff states that "[t]he guard said I cannot enter the property at all." [Id.]

Plaintiff informs the Court that, inter alia: he deals with a number of issues related to national security; he is under constant surveillance by the United States Federal Bureau of Investigation and the United States National Security Agency; recently, many people have tried to steal his work, including the United States Secret Service; and "[p]art of [his] work is to rewrite a new agreement between the Native American – Hawaiian, the U.S. government and [him]self." [Id. at pgs. 7-8.]

Finally, Plaintiff argues that this experience violated his rights and tarnished his reputation, and he seeks fifteen millions dollar, "[a] letter of apology from each defendant and most importantly – investigation of each defendant." [Id. at pg. 9.]

## STANDARD

Courts may authorize the commencement of a suit without prepayment of fees by a person who

---

[1] Along with the Complaint, Plaintiff includes a Trespass Notice from Turtle Bay informing him that he may not enter Turtle Bay property from September 22, 2016 to September 22, 2017. [Complaint, Exh. A.]

submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

The Court may also dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8.  See Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008). Rule 8 requires that a complaint include "a short plain statement of the claim" and that each allegation "be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).

Cataluna v. Vanderford, Civ. No. 14-00480 LEK-RLP, 2014 WL 6490466, at *1 (D. Hawai`i Nov. 18, 2014).  As the United States Supreme Court has explained:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [Bell Atl. Corp. v. Twombly, 550 U.S. 544], at 555, 127 S. Ct. 1955 [(2007)] (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  550 U.S., at 555, 127 S. Ct. 1955.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id., at 557, 127 S. Ct. 1955.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (some alterations in

4

<u>Iqbal</u>).

Here, Plaintiff is proceeding pro se, and the Court must liberally construe his pleadings.  <u>See, e.g.</u>, <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants." (citation and internal quotation marks omitted)).  Moreover, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted).

<strong><u>DISCUSSION</u></strong>

**I.    <u>The Sufficiency of the Complaint</u>**

Even liberally construed, the Complaint does not specify what claim, or claims, Plaintiff is alleging against Turtle Bay and the six other named defendants (collectively "Defendants").  The events described in the Complaint reveal that Plaintiff, who was not a guest at Turtle Bay, was asked to leave the property.  When he refused to do so, he was issued a trespassing citation.  Nowhere in the Complaint does Plaintiff allege actions by Defendants that even suggest a claim upon which relief could be granted.  Instead, Plaintiff alleges simply that his rights were violated and his reputation was harmed.  He does

5

not state which rights or how they were violated, nor does he explain the harm to his reputation.  It is clear that the Complaint consists of the exact type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that Iqbal specifically states is insufficient for purposes of Rule 8. See Iqbal, 556 U.S. at 678 (citation omitted).  Because Plaintiff has failed to state a claim upon which relief can be granted, the Complaint is HEREBY DISMISSED WITHOUT PREJUDICE.

**II.  Leave to Amend**

It is arguably possible that Plaintiff could amend the Complaint to state a claim for relief.  However, the amended complaint must comply with Rule 8 and all other applicable rules. If Plaintiff wishes to amend the Complaint, he must file an amended complaint by **November 21, 2016**.  The amended complaint must include all allegations that his claims are based upon, even if he previously presented these allegations to the Court. Plaintiff may not incorporate any part of the Complaint by mere reference to the earlier document.  The Court CAUTIONS Plaintiff that:  if he fails to file his amended complaint by **November 21, 2016**; or, if the amended complaint fails to cure the defects identified in this Order, the Court will dismiss this action with prejudice.

III. **The Application and Other Pending Motions**

Insofar as the Court has dismissed the Complaint with leave to amend, the Court finds that it is not appropriate for it to rule on the Application at this time.  The Court will therefore RESERVE RULING on the Application until Plaintiff files an amended complaint.  If any portion of Plaintiff's amended complaint survives the screening process, the Court will issue a ruling on the Application.

Along with the Complaint and Application, Plaintiff filed a Motion for Summary of Judgment, Motion for Restraining Order, Motion for Service by the U.S. Marshall, and Motion for a Lawyer.  [Dkt. nos. 3, 4, 5, 6.]  In light of the dismissal of the Complaint, all of these motions are DENIED AS MOOT.

CONCLUSION

On the basis of the foregoing, Plaintiff's Complaint, filed October 17, 2016, is HEREBY DISMISSED WITHOUT PREJUDICE. The Court GRANTS Plaintiff leave to file an amended complaint by **November 21, 2016**.  The amended complaint must comply with the terms of this Order.

In light of the dismissal of the Complaint without prejudice, the Court RESERVES RULING on the Application to Proceed in District Court Without Prepaying Fees or Costs, also filed on October 17, 2016, pending Plaintiff's filing of an amended complaint and the Court's screening of the amended

complaint.  All of the other pending motions are HEREBY DENIED AS
MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 20, 2016.



     /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. TURTLE BAY RESORT, ET AL; CIVIL 16-00561 LEK-KSC; ORDER DISMISSING COMPLAINT; RESERVING RULING ON THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND DENYING ALL OTHER PENDING MOTIONS**