IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
XAVIER FLORES,                      )   CIVIL 16-00561 LEK-KSC
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
TURTLE BAY RESORT, MIKE LAIE        )
- SECURITY, ALEX - GOLF             )
MANAGER, ASHLEY - CLUB HOUSE        )
REP, TRAVIS JOERGER -               )
DIRECTOR, STACY - CLUBHOUSE         )
MANAGER,                            )
                                    )
          Defendants.               )
_____)
```

**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE
AND DENYING AS MOOT THE APPLICATION TO PROCEED
<u>IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS</u>**

On December 12, 2016, pro se Plaintiff Xavier Flores ("Plaintiff") filed an Amended Complaint. [Dkt. no. 13.] Also pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on October 17, 2016. [Dkt. no. 2.] The Court has considered these matters without a hearing pursuant to Rule LR7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Amended Complaint and the relevant legal authority, the Court HEREBY DISMISSES the Amended Complaint WITH PREJUDICE. Further, the Application is HEREBY DENIED AS MOOT.

**BACKGROUND**

The background of the instant matter is well known to the parties, and the Court only repeats the facts that are relevant to consideration of the Amended Complaint. Plaintiff filed his Complaint on October 17, 2016. [Dkt. no. 1.] On October 20, 2016, the Court issued its Order Dismissing Complaint; Reserving Ruling on the Application to Proceed in District Court Without Prepaying Fees or Costs; and Denying All Other Pending Motions ("10/20/16 Order"). [Dkt. no. 9.] The 10/20/16 Order dismissed the Complaint for failure to state a claim. [10/20/16 Order at 5-6.] The Court, however, gave Plaintiff an opportunity to file an amended complaint, noting that "the amended complaint must comply with [Fed. R. Civ. P.] 8 and all other applicable rules," and that it "must include all allegations that his claims are based upon, even if he previously presented these allegations to the Court." [Id. at 6.] The 10/20/16 Order also reserved ruling on the Application.

**DISCUSSION**

The standard that this Court applies when screening a pro se plaintiff's complaint is set forth in the 10/20/16 Order at 3-5.

**I.   The Sufficiency of the Amended Complaint**

The Amended Complaint does not explain how Defendants Turtle Bay Resort ("Turtle Bay") and the six other named

defendants (collectively "Defendants") allegedly harmed Plaintiff. Instead, Plaintiff cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, states that "[m]y disability deals with my lower back," and describes an injury that occurred when he was a New York Fire Department employee.[1] [Amended Complaint at 3-4.[2]]

While Plaintiff does not specify a specific provision of the ADA, it is clear to the Court that the only claim Plaintiff might have falls under Title III.[3] Title III states,

---

[1] The caption of the Amended Complaint states, *inter alia*: "Demand for jury trial; Exhibit A; Motion for summary of Judgement [sic]; Motion for restraining order; Motion for Service by the U.S. Marshal; Motion for a lawyer." [Amended Complaint at 1.] None of these documents were included with the Amended Complaint or filed separately. Moreover, in the 10/20/16 Order, the Court denied as moot Plaintiff's Motion for Summary of Judgment, Motion for Restraining Order, Motion for Service by the U.S. Marshall, and Motion for a Lawyer. [10/20/16 Order at 7.] The Court therefore FINDS that these motions and filings are not properly before the Court, and the Court does not need to address them in the instant Order.

[2] The Amended Complaint is not consecutively paginated, and the Court therefore cites to the page numbers assigned by this district court's electronic case filing system.

[3] Title I concerns employment discrimination, 42 U.S.C. § 12112(a) ("No covered entity shall discriminate against a qualified individual on the basis of a disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."), and Title II concerns public services, 42 U.S.C. § 12132 ("Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to
(continued...)

in relevant part, that, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  The statute defines "public accommodation" as, *inter alia*, "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor."  42 U.S.C. § 12181(7)(A).

This district court has stated that, "[i]n order to state a claim under Title III of the ADA, Plaintiff must show that:  (1) he has a disability; (2) defendant is subject to Title III; (3) and he was denied full and equal treatment or otherwise discriminated against because of his disability." Hackett v. Red Guahan Bus, CIVIL NO. 16-00066 ACK-RLP, 2016 WL 1445212, at *3 (D. Hawai`i Mar. 22, 2016) (citations omitted).

Plaintiff also references the First Amendment to the United States Constitution and submits that it was "[a]nother law which was broken by the staff of Turtle [B]ay Resort and by

---

[3](...continued)
discrimination by any such entity.").

Turtle [B]ay Resort." [Amended Complaint at 4.] "[T]he First Amendment protects individuals only against government, not private, infringements upon free speech rights." George v. Pacific-CSC Work Furlough, 91 F.3d 1227, 1229 (9th Cir. 1996) (citing Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L. Ed. 2d 418 (1982)). As such, "[i]ndividuals bringing actions against private parties for infringement of their constitutional rights . . . must show that the private parties' infringement somehow constitutes state action." Id. (citation omitted).

> The 10/20/16 Order found:
>
> The events described in the Complaint reveal that Plaintiff, who was not a guest at Turtle Bay, was asked to leave the property. When he refused to do so, he was issued a trespassing citation. Nowhere in the Complaint does Plaintiff allege actions by Defendants that even suggest a claim upon which relief could be granted. Instead, Plaintiff alleges simply that his rights were violated and his reputation was harmed.

[10/20/16 Order at 5.] As noted above, this Court also warned Plaintiff that any amended complaint had to include all of the relevant allegations, even if they were included in the original complaint. [Id. at 6.] Plaintiff's Amended Complaint, however, includes even fewer details than his original Complaint. With regard to Plaintiff's ADA claim, there is no indication that Defendants "discriminated against [him] because of his disability." See Hackett, 2016 WL 1445212, at *3 (citations

omitted).  Similarly, Plaintiff has failed to state a claim for violation of his First Amendment rights because he has not alleged any connection between Defendants' actions and the government.  It is clear to the Court that Plaintiff's Amended Complaint contains only "naked assertions devoid of further factual enhancement," see Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration, citation, and internal quotations marks omitted), and therefore fails to state a claim upon which relief can be granted.

     Plaintiff was given notice of the deficiencies in his Complaint, and he was given ample time to correct those deficiencies.  He failed to do so in the Amended Complaint, and there is no indication that Plaintiff would be able to correct the deficiencies if he had another opportunity to amend his claims.  The Court CONCLUDES that it is absolutely clear that Plaintiff cannot amend his claims to cure the defects, and the Court DISMISSES the Amended Complaint WITH PREJUDICE, in other words, without leave to amend.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

**II. The Application**

The 10/20/16 Order reserved ruling on the Application and stated that, "[i]f any portion of Plaintiff's amended complaint survives the screening process, the Court will issue a ruling on the Application." [10/20/16 Order at 7.] In light of the dismissal of the Amended Complaint with prejudice, the application is HEREBY DENIED AS MOOT.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Amended Complaint, filed December 12, 2016, is HEREBY DISMISSED WITH PREJUDICE. Further, Plaintiff' Application to Proceed in District Court Without Prepaying Fees or Costs, filed on October 17, 2016, is DENIED AS MOOT. There being no remaining claims, the Court DIRECTS the Clerk's Office to enter judgment in favor of Defendants and close this case on **January 27, 2017**, unless Plaintiff files a motion for reconsideration of this Order by **January 23, 2017**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 6, 2017.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**XAVIER FLORES VS. TURTLE BAY RESORT, ET AL; CIVIL 16-00561 LEK-KSC; ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE AND DENYING AS MOOT THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**