IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| XAVIER FLORES, )<br>           )<br>     Plaintiff, )<br>           )<br>   vs. )<br>           )<br>TURTLE BAY RESORT, MIKE LAIE )<br>- SECURITY, ALEX - GOLF )<br>MANAGER, ASHLEY - CLUB HOUSE )<br>REP, TRAVIS JOERGER - )<br>DIRECTOR, STACY - CLUBHOUSE )<br>MANAGER, )<br>           )<br>     Defendants. )<br>_____ ) | CIVIL 16-00561 LEK-KSC |

### ORDER DENYING MOTION FOR RECONSIDERATION

On January 26, 2017, pro se Plaintiff Xavier Flores ("Plaintiff") filed a Motion for Reconsideration ("Motion"). [Dkt. no. 18.]  The Court has considered the Motion as a non-hearing matter pursuant to Rule 7.2(e) of the Local Rules of Practice of the United States District Court for the District of Hawai`i.  After careful consideration of the Motion and the relevant legal authority, the Court HEREBY DENIES the Motion.

### DISCUSSION

The Motion seeks reconsideration of the Court's Order Dismissing Amended Complaint With Prejudice and Denying as Moot the Application to Proceed in District Court Without Prepaying Fees or Costs, filed on January 6, 2017 ("1/6/17 Order").  [Dkt. no. 16.]

On October 17, 2016, Plaintiff filed his Complaint and Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] On October 20, 2016, the Court dismissed the Complaint without prejudice, and provided Plaintiff with the opportunity to file an amended complaint ("10/20/16 Order"). [Dkt. no. 9.] The Court also reserved ruling on the Application.[1] [10/20/16 Order at 7.] On December 12, 2016, Plaintiff filed his Amended Complaint. [Dkt. no. 13.] The 1/16/17 Order explained that

> [t]he Amended Complaint does not explain how Defendants Turtle Bay Resort ("Turtle Bay") and six other named defendants (collectively "Defendants") allegedly harmed Plaintiff. Instead, Plaintiff cites the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, states that "[m]y disability deals with my lower back," and describes an injury that occurred when he was a New York Fire Department employee. [Amended Complaint at 3-4.]

[1/6/17 Order at 2-3 (footnotes omitted).]

This Court has previously stated:

> In order to obtain reconsideration . . . , the Motion for Reconsideration "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v.

---

[1] Along with the Complaint, Plaintiff filed a Motion for Summary Judgment, Motion for Restraining Order, Motion for Service by the U.S. Marshall [sic], and Motion for a Lawyer. [Dkt. nos. 3, 4, 5, 6.] The 10/20/16 Order dismissed all of these motions as moot. [10/20/16 Order at 7.]

> Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). This district court recognizes three circumstances where it is proper to grant reconsideration of an order:  "(1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice." Tierney v. Alo, Civ. No. 12-00059 SOM/KSC, 2013 WL 1858585, at *1 (D. Hawaii May 1, 2013) (citing School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014).  The Motion states that the Court should reconsider the 1/6/17 Order because, *inter alia*, Plaintiff intends to help the federal government "in re-wording/amend[ing]" various federal laws, make various agreements, and invest in infrastructure projects.  [Motion at 1-2.]  The Motion does not make any reference to Turtle Bay or the series of events described in the Amended Complaint.  Moreover, Plaintiff does not describe a change in law, new evidence, or a clear error that would make it proper for the Court to grant the Motion.  The Court FINDS that Plaintiff has not provided any grounds upon which the Court can reconsider the 1/6/17 Order, and the Motion is therefore DENIED.

## **CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for

3

Reconsideration, filed on January 26, 2017, is HEREBY DENIED.

The Court DIRECTS the Clerk's Office to enter final judgment and close this case.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 24, 2017.



    /s/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**XAVIER FLORES VS. TURTLE BAY RESORT, ET AL; CIVIL 16-00561 LEK-KSC; ORDER DENYING MOTION FOR RECONSIDERATION**